[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12114
Non-Argument Calendar

_____

BIA No. A95-220-997

ROMAN ASHNUROV,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

No. 06-12115
Non-Argument Calendar

_____

BIA No. A95-220-998

VIRA KOSTINA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

**(April 4, 2007)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Vira Kostina, as lead petitioner for herself and her husband, Roman Ashnurov, petitions for review of the decisions of the Board of Immigration Appeals that denied her second motion to reconsider and her motion to reopen her petition for asylum under the Immigration and Nationality Act. Kostina argues that the denial of her motion to reopen by the BIA was arbitrary and capricious because she demonstrated meaningful change in the country conditions of Ukraine that support a well-founded fear of future persecution. Because Kostina makes no argument with regard to her appeal of the denial of her motion to reconsider, that issue is waived. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

"We review the BIA's denial of a motion to reopen for abuse of discretion. Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (internal

quotation marks and citations omitted). The BIA may grant a motion to reopen if the movant presents new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. See 8 C.F.R. § 1003.2(c)(1). A petitioner is ordinarily permitted to file one motion to reopen within 90 days of the date of the final order of removal, see 8 U.S.C. § 1229a(c)(7)(C)(i), but the time and numerical limitations do not apply to the filing of a motion to reopen based on changed country conditions if supported by evidence that is "material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

Kostina argues that the country conditions in Ukraine have changed and that there is increased persecution of ethnic minorities in Ukraine, but her evidence failed to prove materially changed country conditions. Although more detailed, Kostina's evidence was substantially the same as the evidence presented to the Immigration Judge during the asylum hearing. The discrimination alleged in the evidence, while harassing, also did not rise to the level of persecution. See Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). The BIA did not abuse its discretion when it denied the motion to reopen.

**PETITION DENIED.**